IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 2 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ALFONSO DELGADO | § | |
| | § | Civil Action No. B-02-179 |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of the | § | |
| Social Security Administration | § | |
| | § | |
| Defendant | § | |

**MOTION FOR SUMMARY JUDGMENT**

The plaintiff moves the Court for summary judgment on the complaint for judicial review of a denial of a claim for social security benefits based on the administrative record which has been filed with the Court.

**PLAINTIFF'S BRIEF
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**STATEMENT OF JURISDICTION**

This action for judicial review of a denial of a claim for social security disability benefits is authorized by the Social Security Act (42 USC 405(g) and 1383(c)(3)). The plaintiff has exhausted all administrative remedies and filed a timely request for judicial review.

**STATEMENT OF THE ISSUE**

The issue presented is whether the finding that the plaintiff can do other work is consistent with applicable legal standards and supported by substantial evidence when the administrative law judge failed to make a finding on his ability to communicate in English.

## STATEMENT OF THE CASE

*Administrative Proceedings and Disposition*

An administrative law judge ("ALJ") held a hearing on the denial of the plaintiff's claim for disability benefits under the Social Security Act ("Act") on July 12, 2000, in Harlingen, Texas. In the administrative decision issued on July 27, 2000, the ALJ found that the plaintiff had a back disorder; that he had a residual functional capacity for a limited range of light work; that he cannot do his past work as an automobile painter; and that the plaintiff could do other work such as sales attendant, laundry worker, or fast food worker based on vocational testimony. The Appeals Council denied the request for review of this decision on August 9, 2002. This action for judicial review ensued. [TR 8-9, 11-21, 23-52].

*Plaintiff's Application, Background, and Allegations*

The plaintiff filed an application for disability benefits under title II of the Act on June 8, 1999, alleging an inability to work since April 16, 1997, because of a back injury. The plaintiff was 48 years old at the alleged onset date of disability and 51 years of at the time of the administrative hearing. He completed the seventh grade of school and has past relevant work history as a an automobile painter. [TR 82-84, 100-109].

On the "Disability Report," a document taken in connection with his application, he stated that he does not speak English. [TR 100]. The administrative hearing was conducted with a Spanish interpreter to whom the ALJ administered an oath. [TR 26]. The plaintiff read a paragraph from a newspaper in English [TR 28], from which demonstration the vocational expert

stated: "It would appear to me that he would be able to read simple instructions on a job." [TR 29]. The vocational expert further testified: "Based on the reading demonstration, I would say [that his educational level was] at the low end of limited." [TR 48].

*Medical Evidence and Opinion*

The medical evidence shows that the plaintiff underwent a lumbar laminectomy in October 1998 for a work-related injury sustained in April 1997. [TR 130]. The treating doctor, and a consultative orthopedic specialist, and the non-examining medical expert who testified at the administrative hearing expressed the opinion that the plaintiff could do some limited form of light work. [TR 44- 46, 121, 143-145].

*Vocational Evidence and Opinion*

The vocational expert testified that the plaintiff's past work as an automotive painter was medium in exertional demands and skilled. [TR 47]. The ALJ's hypothetical question to the vocational expert did not take into account that plaintiff's apparent inability to speak or understand spoken English. [TR 48]. The administrative decision makes no finding with respect to the plaintiff's ability to communicate in English. [TR 20-21]. The vocational expert testified that the plaintiff could perform such alternative light and unskilled jobs as sales attendant, laundry worker, and fast-food worker. [TR 48-50]. Based on that testimony, the ALJ found the plaintiff "not disabled" using rules 202.17 through 202.19 and 202.10 through 202.12 of the medical-vocational guidelines as a framework for the decision. [TR 20-21]. He assumed that the plaintiff had no transferable work skills or that the transferability of work skills is not at issue in this case. [Finding No. 11, TR 21].

*Other Relevant Evidence*

Upon attainment of age 50, the plaintiff's medical-vocational profile corresponded to rule 202.09 of the medical-vocational guidelines. This rule directs a conclusion of "disabled" for an individual limited to light work, closely approaching advanced age (50 - 54), is illiterate *or* unable to communicate in English, and has a history of unskilled work.

## STANDARD OF REVIEW

Judicial review of a final decision of the Commissioner of Social Security is limited to determining whether the decision is supported by substantial evidence and whether the proper legal standards were applied in evaluating the evidence (42 USC 405(g) and 1383(c)(3)). See: Boyd v. Apfel, 239 F. 3d 698, 704 (5th Cir. 2001) [quoting Harris v. Apfel, 209 F. 3d 413, 417 (5th Cir. 2000)].

## ARGUMENT

The medical-vocational guidelines of the regulations, which permit the ALJ to take administrative notice of jobs in the national economy which a plaintiff may be able to do despite his or her limitations, cannot be applied whenever the medical and vocational factors do not squarely coincide with the criteria of the so-called "grid rules." For example, if an individual is limited to sedentary work, is under the age of 45, and is both illiterate *and* unable to communicate in English, then rule 201.23 of the medical-vocational guidelines [20 CFR, Part 404, Subpart P, Appendix 2] may not be used to find him disabled because the rule requires the individual to be illiterate *or* unable to communicate in English. Martinez v. Heckler, 735 F.2d 795 (5th Cir. 1984) [remanding the case for appropriate finding]; Lawler v. Heckler, 761 F. 2d 195 (5th Cir. 1985) [remanding the case for vocational testimony].

Social Security Rulings are published in the Federal Register under the authority of the Commissioner of Social Security and are binding on all components of the Social Security Administration. The rulings represent precedent final opinions and orders and statements of policy and interpretations of the Social Security Act which have been adopted by the Administration (20 CFR 402.35(b)(1)). In 1986, the Commissioner issued Acquiescence Ruling 86-3(5) explaining how Martinez differs from social security policy and how the Administration will apply the decision within the Fifth Circuit (Texas, Louisisana, Mississippi):

> " * * * In formulating the grid rules, it was assumed that a person who is unable to communicate in English would naturally be illiterate in English. Illiteracy is subsumed under inability to communicate in English. It has thus been longstanding SSA policy that the rules applying to individuals who are illiterate *or* unable to communicate in English also apply to those who are illiterate *and* unable to communicate in English."
>
> "The Martinez decisions specifically holds that Rule 201.23 does not apply to the facts before the court and directs that a finding be made with respect to the ability to communicate in English. The implication of the decision is that the grid regulations do not apply to individuals limited to sedentary work, age 18 to 44 who are illiterate *and* unable to communicate in English with a history of unskilled or no work."
>
> " * * * For such individuals seeking disability benefits or continuation of disability benefits under Title II or Title XVI, when illiteracy and inability to communicate in English are alleged or appear to be in question, findings with respect to both issues must be made...... The grid regulations may be used only as a guidance for decisionmaking."
>
> "In addition, under the court's decision, Rule 202.16 can also no longer be applied. Rule 202.16 applies to individuals limited to light work who are younger with unskilled or no work history and illiterate or unable to communicate in English. Following the court's rationale, Rule 202.16 cannot be applied to individual who are both illiterate *and* unable to communicate in English. Again, the grid regulations may be used only as guidance for decisionmaking."

*See* 1986 WL 68649 (S.S.A.).

The holding in Martinez affects "younger individuals" — those ages 18 to 44 if limited to sedentary work; those ages 18 to 49 if limited to light work. Rule 201.23 (sedentary) and Rule 202.16 (light) indicate a finding of "not disabled." Vocational testimony is required to determine what work, if any, the individual can do. On the other hand, Rule 201.17 (sedentary) will direct a decision of "disabled" for an individual age 45 to 49 who is either illiterate or unable to communicate in English or both; and Rule 202.09 (light) will direct a decision of "disabled" for an individual age 50 to 54 who is either illiterate or unable to communicate in English or both. The ALJ must make a specific finding with respect to illiteracy, or the inability to communicate in English, or both, when the determination of a claimant's disability status turn on that issue. Silveira v. Apfel, 204 F. 3d 1257, 1261-62 (9th Cir. 2000).

The inability to communicate in English overlaps with illiteracy, but the assumption that a person who is unable to communicate in English would naturally be illiterate in English is unwarranted. A person may have a reading knowledge of a language without the ability to maintain even a simple conversation in that language. In Florida and in those States bordering Mexico, signs and publications are commonly printed in both English and Spanish. The constant exposure to both languages enables both the English-speaker and the Spanish-speaker to recognize printed words and phrases – "cabelleros" or "gentlemen", "no fumar" or "no smoking" – but these bilingual signs and publications do not create a populace that can fluently communicate in both languages. The ability to read a foreign language is not the equivalent of the ability to communicate in it. The regulations specifically recognize that "it may be difficult for someone who doesn't speak and understand English to do a job" (20 CFF 404.1564(b)(5)).

6

In the case at bar, the plaintiff stated that he did not speak English on a document taken in connection with his application. [TR 100]. The administrative hearing was conducted with a Spanish interpreter to whom the ALJ administered an oath. [TR 26]. The plaintiff read a paragraph from a newspaper in English [TR 28], from which demonstration the vocational expert stated: "It would appear to me that he would be able to read simple instructions on a job." [TR 29]. The vocational expert further testified: "Based on the reading demonstration, I would say [that his educational level was] at the low end of limited." [TR 48]. The ALJ's hypothetical question to the vocational expert did not take into account that plaintiff's apparent inability to speak or understand spoken English. [TR 48]. The administrative decision makes no finding with respect to the plaintiff's ability to communicate in English. [TR 20-21]. The vocational expert testified that the plaintiff could perform such alternative jobs as sales attendant, laundry worker, and fast-food worker. [TR 48-50]. Based on that testimony, the ALJ found the plaintiff "not disabled" using rules 202.17 through 202.19 and 202.10 through 202.12 of the medical-vocational guidelines as a framework for the decision. [TR 20-21].

The plaintiff alleged only that he does not speak English (unable to communicate in English), not that he is illiterate in English. Therefore, Acquiescence Ruling 86-3(5) is inapplicable before he attained age 50. On the other hand, upon attainment of age 50, his medical-vocational profile corresponded to rule 202.09 of the medical-vocational guidelines. This rule directs a conclusion of "disabled" for an individual limited to light work, closely approaching advanced age (50 - 54), who is illiterate *or* unable to communicate in English, and has a history of unskilled work.

The vocational expert testified that the plaintiff's past work as an automotive painter was medium in exertional demands and skilled [TR 47]; however, each of the three alternative jobs he named are unskilled. [TR 48-50]. The "grid rules" of the medical-vocational guidelines do not take into account a plaintiff who is illiterate or unable to communicate in English but nevertheless has performed skilled or semi-skilled work in the past. See: 20 CFR, Part 404, Subpart P, Appendix 2, Rules 201.17, 201.23, and 202.09 [which assume only an unskilled work history for a plaintiff who is illiterate or unable to communicate in English]. See also: Rule 203.01 [which assumes only an unskilled work history for a plaintiff with a marginal education]. In each instance, the rule directs a conclusion that the plaintiff is disabled.

The burden of proof rests with the Commissioner at step 5 of the sequential evaluation process to prove that the plaintiff can perform other work given his or her age, education, work history, and residual functional capacity. Accordingly, the ALJ must not only resolve the issue of the plaintiff's illiteracy or inability to communicate in English (if the issue is alleged or appears to be in question), but also the issue of transferability of work skills (if the issue is raised by the plaintiff's description of his or her past work or by vocational testimony). See: Mays v. Bowen, 837 F. 2d 1362 (5th Cir. 1988) [Commissioner has burden of proof to show plaintiff can do other work]; Martinez v. Heckler, 735 F. 2d 795 (5th Cir. 1984) [Commissioner must make specific findings on plaintiff's illiteracy or inability to communicate in English if alleged or in question].

These issues must be resolved because the regulations state that the inability to transfer skills acquired in past employment to other jobs is equivalent to an unskilled work history (20 CFR 404.1565(a)):

"If you have acquired skills through your past work, we consider you to have these work skills unless you cannot use them in other skilled or semi-skilled work you can now do. *If you cannot use your skills in other skilled or semi-skilled work, we will consider yours work background as unskilled.*" [emphasis added].

See: Silveira v. Apfel, 204 F. 3d 1257 (9th Cir. 2000) [remanding case for findings on illiteracy and transferability of work skills, and noting the Commissioner's policy of treating the lack of transferable skills as equivalent to an unskilled work history in the regulations and in Social Security Ruling 82-41].

In the case at bar, the ALJ failed to discuss, or make a finding, with respect to the plaintiff's inability to communicate in English. Moreover, the ALJ's finding that the issue of transferability of work skills is not material to the disposition of this case is erroneous. [Finding No. 11, TR 21]. If the plaintiff's work skills are not transferable to other jobs, then he must be considered to have an unskilled work history. Accordingly, rule 202.09 of the medical-vocational guidelines would direct a conclusion of "disabled."

The "grid rules," when applicable, are conclusive rather than presumptive and may not be rebutted by vocational testimony (Social Security Ruling 83-5a).

## CONCLUSION

The Court should remand this case to the Commissioner pursuant to sentence four (4) of 42 U.S.C. 405(g) for further proceedings. The Court should also award reasonable attorney fees, court costs and other expenses of litigation, and all other legal or equitable relief to which the plaintiff is entitled in connection with the present action.

Respectfully submitted,

HARDY-INGRAM LAW FIRM, LTD., L.L.P.

By: _____
JOHN J. INGRAM II
Attorney in Charge
Southern District of Texas Bar No. 25468
State Bar No. 24025447
3016-A N. McColl
McAllen, Texas 78501
(956) 661-0074 - Telephone
(956) 661-0047 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was mailed to the opposing counsel on February 11, 2003 by United States mail and by facsimile.

Marguerite E. Lokey, Attorney-in-Charge
Special Assistant U.S. Attorney
Office of the General Counsel, SSA
1301 Young Street, Suite 430
Dallas, Texas 75202
Telephone: (214) 767-3297
Facsimile: (214) 767-9189

10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALFONSO DELGADO | § § | Civil Action No. B-02-179 |
| Plaintiff | § § § | |
| v. | § § | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration | § § § § § | |
| Defendant | § § | |

## JUDGMENT

The Court, having reviewed all matters of record in this case, finds that the decision of the Commissioner of the Social Security Administration is reversed and remanded with instructions for further action by the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g).

Signed this _____ day of _____, 2003

_____
United States District Judge