United States District Court
Southern District of Texas
FILED

MAR 1 4 2003

Michael N. Milby
Clerk of Court

15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ALFONSO DELGADO, § | |
| Plaintiff § | |
| § | |
| v. § | Civil Action No. B-02-179 |
| § | |
| JO ANNE B. BARNHART, § | |
| Commissioner of the § | |
| Social Security Administration, § | |
| Defendant § | |

## PLAINTIFF'S REPLY TO
## DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

The plaintiff sought judicial review of the denial of a claim for social security disability benefits.

In its cross-motion for summary judgment, the defendant asserts that (1) the ALJ impliedly found that the plaintiff is able to communicate orally in English in his finding that he has a "limited education;" and (2) the plaintiff has the burden to prove that he does not have the educational skills to perform the work identified by the vocational expert.

The plaintiff disputes these assertions for the reasons set forth herein.

### REPLY ARGUMENTS

#### First Point of Reply

The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision (or the lack thereof), as adopted by the Appeals Council, and not with *post hoc* arguments presented on appeal to the federal court. Newton v. Apfel, 209 F. 3d 448, 455 (5th Cir. 2000).

Appellate counsel argues that the plaintiff is able to communicate in English and this implicit finding is incorporated into the express finding that he has a "limited education" (Finding No. 10). [TR 21]. In support of this after-the-fact argument, she points out that the regulatory definition of "limited education" includes "language skills" which allow a person to do unskilled work (20 CFR 404.1564(b)(3)). [Defendant's Brief, page 4].

Except in the brief of appellate counsel, there is no discussion of the issue that is presented to this Court. The ALJ must make some attempt to articulate some rational and logical connection between the findings of fact and the evidence upon which such findings are based:

> " ... we cannot uphold a decision by an administrative agency, any more than we can uphold a decision by a district court, if, while there is enough evidence to support the decision, the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result."

Sarchet v. Chater, 78 F.3d 305, 307 (7th Cir. 1996).

In the case at bar, the plaintiff stated that he did not speak English on a document taken in connection with his application. [TR 100]. The ALJ failed to discuss, or make a finding, with respect to the plaintiff's inability to communicate in English. Social Security Rulings are published in the Federal Register under the authority of the Commissioner of Social Security and are binding on all components of the Social Security Administration. The rulings represent precedent final opinions and orders and statements of policy and interpretations of the Social Security Act which have been adopted by the Administration (20 CFR 402.35(b)(1)). In 1986, the Commissioner issued

2

Acquiescence Ruling 86-3(5), which contains an unequivocal directive to the ALJ:

" * * * For such individuals seeking disability benefits or continuation of disability benefits under Title II or Title XVI, when illiteracy and inability to communicate in English are alleged or appear to be in question, findings with respect to both issues must be made......"

The ruling does not say "findings with respect to both issues may be made, but only if the ALJ feels like making them...." To accept the *post hoc* argument of appellate counsel is to render this ruling, and all other social security rulings, useless. The ALJ failed to exert even a minimal effort to set forth in the rationale of the administrative decision an analysis of the issue now presented to this Court and to include in the pre-formulated findings of the decisional template the simple finding which the Commissioner now wishes magically to appear: "The claimant is not illiterate and is able to communicate in English."

This issue of whether the plaintiff is able to communicate in English is one of fact to be resolved by the Commissioner. The Court may not re-weigh the evidence and substitute its judgment for that of the Commissioner in determining issues of fact. Accordingly, the case should be remanded for further proceedings.

## Second Point of Reply

Although the ultimate burden of proof of disability remains with the plaintiff, the burden of proving the factors which support a conclusion that he or she can do other work shifts to the Commissioner at step 5 of the sequential evaluation process. Those factors are the plaintiff's age, education, skills associated with past work, and functional limitations. The burden shifts back to the plaintiff to show that he or she cannot do the alternative jobs only if the Commissioner adequately

3

demonstrates that the plaintiff can perform alternative employment. Mays v. Bowen, 837 F. 2d 1362, 1364 (5th Cir. 1988); Fields v. Bowen, 805 F. 2d 1168, 1169-1170 (5th Cir. 1986).

In the case at bar, the Commissioner did not adequately demonstrates that the plaintiff can perform alternative employment because the ALJ did not resolve the issue of the plaintiff's ability to communicate in English. The ALJ's decision that an individual can perform alternative work is not supported by substantial evidence if the hypothetical question posed to the vocational expert is inaccurate or incomplete. See: Boyd v. Apfel, 239 F. 3d 698 (5th Cir. 2001); Bowling v. Shalala, 36 F.3d 431 (5th Cir. 1994).

## CONCLUSION

Based on the foregoing arguments, as well as those set forth in the plaintiff's Motion for Summary Judgment, the defendant's Motion for Summary Judgment should be denied and the plaintiff's Motion granted.

Respectfully submitted,

HARDY-INGRAM LAW FIRM, LTD., L.L.P.

By: _____

JOHN J. INGRAM II
Attorney-in-Charge
Texas Bar No. 24025447
Southern District of Texas Bar No. 25468
3016-A N. McColl
McAllen, Texas 78501
(956) 661-0074 - Telephone
(956) 661-0047 - Facsimile

**ATTORNEY FOR PLAINTIFF**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was mailed to the opposing counsel on the 13th of March, 2003 in the manner indicated below:

**Via CMRRR #7001-1140-0003-2371-5904**
Marguerite E. Lokey, Attorney-in-Charge
Special Assistant U.S. Attorney
Office of the General Counsel, SSA
1301 Young Street, Suite 430
Dallas, Texas 75202
Telephone: (214) 767-3297
Facsimile: (214) 767-9189

JOHN J. INGRAM, II