*17*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ALFONSO DELGADO | § | |
| | § | Civil Action No.  B-02-179 |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of the | § | |
| Social Security Administration | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S OBJECTIONS TO
## MAGISTRATE JUDGE'S RECOMMENDATION

### INTRODUCTION

**A.     Request for Reconsideration**

The plaintiff asks the court to reconsider the magistrate judge's recommendation and files

these objections pursuant to Rule 72(b) of the Federal Rules of Civil Procedure.

**B.     Case Background**

The plaintiff sought judicial review of an adverse administrative decision denying

entitlement to social security disability benefits.  Judicial review is authorized under section

205(g) of the Social Security Act (42 U.S.C. 405(g)).

Cross-motions for summary judgment were filed, and Magistrate Judge John William

Black ruled on the motion on April 15, 2003.  The Memorandum and Recommendation was

entered on April 16, 2003, and the parties were advised to file objection within ten (10) after

receipt of the Memorandum and Recommendation.

The ruling recommends granting summary judgment in favor of the defendant on ground that "the use of Grid Rules is discretionary;" they "are used when the ALJ wants to take notice of the existence of jobs;" the "ALJ chose not to" use them in this case; the "ALJ relied on the testimony of the VE to make a determination" that there are jobs the plaintiff can perform; and "there is no need to address the issue of whether the facts of Delgado's case matched Grid Rule 202.09." The Magistrate Judge concluded that the testimony of the vocational expert concerning other jobs the plaintiff can do is substantial evidence to support the administrative decision that the plaintiff is not disabled and, therefore, "there is no need to remand this case for further fact finding " [Magistrate's Recommendation, pages 9-10]. Curiously, the magistrate judge recognized elsewhere in his recommendation that the "grid rules" are conclusive rather than presumptive and may not be rebutted by vocational testimony (Social Security Ruling 83-5a). [Magistrate's Recommendation, page 4].

If a party timely objects to the magistrate judge's recommendation, the district court must make a *de novo* determination of the objectionable portions of the magistrate judge's recommendations or findings (Rule 72(b) F. R. Civ. P. and 28 U.S.C. 636(b)(1)).

## OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION

The magistrate judge erroneously concluded that the administrative decision is supported by substantial evidence without addressing the plaintiff's argument that the administrative decision is based on an incorrect legal standard or is otherwise contrary to law. When the correct legal standards are followed, the unresolved fact issues requiring remand to the Commissioner for further proceedings become apparent.

2

## *General Legal Standards Applicable to This Case*

Although the federal courts must defer to the Commissioner's findings of fact and uphold them if supported by substantial evidence, the federal courts are nevertheless free to review <u>de novo</u> questions of law and to set aside any administrative decision if the proper legal standards were not followed or applied even if the decision is otherwise supported by substantial evidence. The Commissioner may not argue that, even if the ALJ misapplied the law, the decision should nevertheless be upheld because it is supported by substantial evidence. The substantial evidence standard has no application when the ALJ has applied an erroneous legal standard. Although the Social Security Act provides that the Commissioner's findings of fact are conclusive if supported by substantial evidence, "no similar presumption of validity attaches to the [Commissioner's] conclusions of law, including determinations of the proper legal standard to be applied in reviewing claims and the proper allocation of the burden of proof." <u>Western v. Harris</u>, 633 F.2d 1204, 1206 (5th Cir. 1981). See also: <u>Cook v. Heckler</u>, 750 F.2d 391, 393 (5th Cir. 1985); <u>eidler v. Sullivan</u>, 885 F.2d 192, 294 (5th Cir. 1989).

The use of the medical-vocational guidelines ("grid rules") is not discretionary as the magistrate judge stated. They were adopted in 1979 to eliminate inconsistent treatment of similarly situated claimants and promote national uniformity in the adjudication of disability claims. When all of the medical-vocational factors of a claimant coincide with the underpinnings of a grid rule (residual functional capacity, age, education and work history), then the rule *directs* a conclusion of "disabled" or "not disabled." When all of the medical-vocational factors of a claimant do not coincide with the underpinnings of a grid rule, then the rule can be used only in conjunction with vocational testimony as a *framework* for determining whether a claimant is

3

"disabled" or "not disabled." Each underlying grid rule factor is subject to rebuttal; however, the grid rules, when applicable, are conclusive rather than presumptive and may not be rebutted by vocational testimony. See: <u>Heckler v. Campbell</u>, 103 S.Ct. 1952 (1983) [adopted as Social Security Ruling 83-46c], 20 CFR 404.1569, and Social Security Rulings 83-5a and 83-10. See also: 20 CFR, Part 404, Subpart P, Appendix 2, section 200.00(a).

### *First Fact Issue: Ability to Communicate in English*

This case should be remanded for further proceedings because the issue of whether the plaintiff is able to communicate in English is one of fact to be resolved by the Commissioner. The Court may not re-weigh the evidence and substitute its judgment for that of the Commissioner in determining issues of fact. Conflicts in the evidence must be resolved by the Commissioner, not the courts. <u>Newton v. Apfel</u>, 209 F.3d 448, 452 (5th Cir. 2000).

Rule 202.09 of the medical-vocational guidelines directs a conclusion of "disabled" for an individual who (1) is limited to light work, (2) is closely approaching advanced age [50-54]; (3) is either illiterate or unable to communicate in English, and (4) has a history of unskilled work. The plaintiff, therefore, would be conclusively found "disabled" if he is unable to communicate in English and has a history of unskilled work. Testimony from a vocational expert that he may be able to do other jobs would be contrary to, and defeat the purpose of, the medica -vocational guidelines. An administrative agency must follows its own internal procedures even when they are more rigorous than otherwise would be required. <u>Newton v. Apfel</u>, 209 F.3d 448, 459 (5th Cir. 2000).

Because the ALJ did not make a specific finding on the plaintiff's ability to communicate in English, he failed to follow mandatory agency policy contained in Acquiescence Ruling 86-

4

3(5). Social Security Rulings are published in the Federal Register under the authority of the Commissioner of Social Security and are binding on all components of the Social Security Administration. The rulings represent precedent final opinions and orders and statements of policy and interpretations of the Social Security Act which have been adopted by the Administration (20 CFR 402.35(b)(1)). Social Security Rulings are not binding on the court because they do not have the force and effect of law; however, they may be consulted when the statute or regulation at issue provides little guidance. Myers v. Apfel, 238 F. 3d 617, 620 (5th Cir. 2001) [citing other Fifth Circuit cases relying upon administrative rulings in evaluating ALJ decisions].

In 1986, the Commissioner issued Acquiescence Ruling 86-3(5), which contains an unequivocal directive to the ALJ:

> " * * * For such individuals seeking disability benefits or continuation of disability benefits under Title II or Title XVI, when illiteracy and inability to communicate in English are alleged or appear to be in question, findings with respect to both issues must be made......"

On the "Disability Report," a document taken in connection with his application, the plaintiff stated that he does not speak English. [TR 100]. The administrative hearing was conducted with a Spanish interpreter to whom the ALJ administered an oath. [TR 26]. The ALJ failed to discuss, or make a finding, with respect to the plaintiff's inability to communicate in English. Appellate counsel argues that the plaintiff is able to communicate in English and this implicit finding is incorporated into the express finding that he has a "limited education" (Finding No. 10). [TR 21]. In support of this after-the-fact argument, she points out that the

5

regulatory definition of "limited education" includes "language skills" which allow a person to do unskilled work (20 CFR 404.1564(b)(3)). [Defendant's Brief, page 4].

Except in the brief of appellate counsel, there is no discussion of the issue that is presented to this Court. The ALJ must make some attempt to articulate some rational and logical connection between the findings of fact and the evidence upon which such findings are based:

> " ... we cannot uphold a decision by an administrative agency, any more than we can uphold a decision by a district court, if, while there is enough evidence to support the decision, the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result."

Sarchet v. Chater, 78 F.3d 305, 307 (7th Cir. 1996).

Acquiescence Ruling 86-3(5) does not say "findings with respect to both issues may be made, but only if the ALJ feels like making them...." If mandatory agency policy, binding on all components of the Social Security Administration, can be ignored at whim, then the Administration may as well determine an individual's disability status by the toss of a coin. And even then it would not be surprising if some ALJs would take the "heads-I-win, tails-you-lose" approach and use a two-headed coin to boot. To accept the *post hoc* argument of appellate counsel is to render this ruling, and all other social security rulings, useless. The ALJ failed to exert even a minimal effort to set forth in the rationale of the administrative decision an analysis of the issue now presented to this Court and to include in the pre-formulated findings of the decisional template the simple finding which the Commissioner now wishes magically to appear: "The claimant is not illiterate and is able to communicate in English." See: Martinez v. Heckler, 735 F. 2d 795 (5th Cir. 1984) [Commissioner must make specific findings on plaintiff's illiteracy or inability to communicate in English if alleged or in question].

6

*Second Fact Issue: Transferability of Work Skills*

This case should be remanded for further proceedings because the issue of whether the plaintiff can transfer his work skills to other jobs is one of fact to be resolved by the Commissioner. The Court may not re-weigh the evidence and substitute its judgment for that of the Commissioner in determining issues of fact. Conflicts in the evidence must be resolved by the Commissioner, not the courts. <u>Newton v. Apfel</u>, 209 F.3d 448, 452 (5th Cir. 2000).

The vocational expert testified that the plaintiff's past work as an automotive painter was medium in exertional demands and skilled [TR 47]; however, each of the three alternative jobs he named are unskilled. [TR 48-50]. The medical-vocational guidelines do not take into account a plaintiff who is illiterate or unable to communicate in English but nevertheless has performed skilled or semi-skilled work in the past. See: 20 CFR, Part 404, Subpart P, Appendix 2, Rules 201.17, 201.23, and 202.09 [which assume only an unskilled work history for a plaintiff who is illiterate or unable to communicate in English]. See also: Rule 203.01 [which assumes only an unskilled work history for a plaintiff with a marginal education]. In each instance, the rule directs a conclusion that the plaintiff is disabled.

The burden of proof rests with the Commissioner at step 5 of the sequential evaluation process to prove that the plaintiff can perform other work given his or her age, education, work history, and residual functional capacity. Accordingly, the ALJ must not only resolve the issue of the plaintiff's illiteracy or inability to communicate in English (if the issue is alleged or appears to be in question), but also the issue of transferability of work skills (if the issue is raised by the plaintiff's description of his or her past work or by vocational testimony). See: <u>Mays v. Bowen,</u>

7

837 F. 2d 1362 (5th Cir. 1988) [Commissioner has burden of proof to show plaintiff can do other work].

The issue of transferability of work skills must be resolved because the regulations state that the inability to transfer skills acquired in past employment to other jobs is equivalent to an unskilled work history (20 CFR 404.1565(a)):

> "If you have acquired skills through your past work, we consider you to have these work skills unless you cannot use them in other skilled or semi-skilled work you can now do. *If you cannot use your skills in other skilled or semi-skilled work, we will consider yours work background as unskilled.*" [emphasis added].

See: Silveira v. Apfel, 204 F. 3d 1257 (9th Cir. 2000) [remanding case for findings on illiteracy and transferability of work skills, and noting the Commissioner's policy of treating the lack of transferable skills as equivalent to an unskilled work history in the regulations and in Social Security Ruling 82-41].

The ALJ's finding that the issue of transferability of work skills is not material to the disposition of this case is erroneous. [Finding No. 11, TR 21].   If the plaintiff's work skills are not transferable to other jobs, then he must be considered to have an unskilled work history. Accordingly, rule 202.09 of the medical-vocational guidelines would direct a conclusion of "disabled" notwithstanding vocational testimony to the contrary.

## CONCLUSION

Based on the foregoing arguments, the court should reject the magistrate judge's recommendation; and upon review of the plaintiff's motion for summary judgment in its entirety *de novo*, grant the motion and the relief requested therein.

Respectfully submitted,

HARDY-INGRAM LAW FIRM, LTD., L.L.P.

By:

JOHN J. INGRAM II
Attorney in Charge
Southern District of Texas Bar No. 25468
State Bar No. 24025447
3016-A N. McColl
McAllen, Texas 78501
(956) 661-0074 - Telephone
(956) 661-0047 - Facsimile

ATTORNEY FOR PLAINTIFF

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was mailed to the

opposing counsel on __April 17, 2003__ by United States mail and by facsimile.

Marguerite E. Lokey, Attorney-in-Charge
Special Assistant U.S. Attorney
Office of the General Counsel, SSA
1301 Young Street, Suite 430
Dallas, Texas 75202
Telephone: (214) 767-3297
Facsimile: (214) 767-9189

10